IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | | |
|---|---|---|
| JOSEPH EUGENE BOWEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-00098 |
| | ) | Judge Haynes / Knowles |
| SABRINA PATTERSON and | ) | |
| RICHARD PHILLIPS, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon "Defendants' Motion for Judgment on the Pleadings, Motion to Dismiss, and Memorandum of Law." Docket No. 27. In support of their Motion, Defendants have submitted the Affidavit of Richard Phillips. Docket No. 27-1 ("Phillips Aff.").

Defendants seek dismissal on the grounds of "mootness, lack of subject matter jurisdiction, and failure to demand relief which may be granted." *Id.* Specifically, Defendants argue that, although Plaintiff was incarcerated at the Marshall County Jail ("Jail") when he filed the instant action, he was released from the Jail on April 20, 2016, and has failed to keep the Clerk's Office informed of his current address, in direct contravention of this Court's October 21, 2015 Order. *Id.* Defendants note that Plaintiff's current whereabouts are unknown. *Id.* Defendants additionally argue that the only relief sought by Plaintiff in his Complaint was "to be moved to another facility," and that Plaintiff's April 20, 2016 release from the Jail therefore moots his claims. *Id.*

Plaintiff has not responded to the instant Motion.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, alleging "Tittle 6 predudice and Biased against me." Docket No. 1. Specifically, Plaintiff avers as follows:

> 10-8-15 They gave me the worst mat they had and have brand new ones laying right there and also the[y] segregate me for no reason and everytime I'm here they never give me a trustee job and always deny me the same privalages they give other inmates.
>
> They refuse mail and also deny us the right to practice our religion deny worship services to us/me.
>
> They treat me different than any other inmate they are predudice against me ever since we had an incident and I helped other inmates file a suit on them.

Docket No. 1.

Plaintiff's sole prayer for relief is, "It's a breech of trust me being here I wish to be moved to another facility so I can be treated equal." *Id.*

As has been noted, the relief sought by Plaintiff is simply to be moved to a facility other than the Marshall County Jail. *Id.* Plaintiff, however, was released from the Marshall County Jail on April 20, 2016. Phillips Aff., ¶ 4. Because Plaintiff is no longer incarcerated in the Jail from which he seeks transfer, Plaintiff's claim is MOOT.

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Judgment on the Pleading (Docket No. 27) be GRANTED, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any

response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                         E. CLIFTON KNOWLES
                                                         United States Magistrate Judge