# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| JOSEPH EUGENE BOWEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:15-cv-00098 |
| v. ) | Senior Judge Haynes |
| ) | |
| SABRINA PATTERSON, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 31), recommending to grant Defendants' "motion for judgment on the pleadings, motion to dismiss and memorandum of law" (Docket Entry No. 27). Plaintiff has not filed an objection.

Plaintiff, Joseph Eugene Bowen, filed this pro se action under 42 U.S.C. § 1983 against Defendants Sabrina Patterson and Richard Phillips, asserting that Defendants "segregate[d] [him] for no reason," gave him the "worst mat," denied him a work assignment as a trustee, interfered with his mail, denied him access to religious services, and harassed him in retaliation for his law related activities at the Jail. (Docket Entry No. 1 at 5). Plaintiff's only requested relief is "to be moved to another facility so I can be treated equal." Id. at 6.

In their motion, Defendants contend that Plaintiff's claims should be dismissed for "mootness, lack of subject matter jurisdiction, and failure to demand relief which may be granted." (Docket Entry No. 27 at 1). Defendants assert that Plaintiff was released from the Marshall County Jail, failed to keep the Court apprised of his address and his present whereabouts are unknown. Plaintiff did not file a response.

The Magistrate Judge concluded that "[b]ecause Plaintiff is no longer incarcerated in the Jail from which he seeks transfer, Plaintiff's claim is MOOT." (Docket Entry No. 31 at 2).

The record reflects that Plaintiff is no longer confined at Marshall County jail. (Docket Entry Nos. 30, 33-35). Thus, Plaintiff's claim for injunctive relief, seeking transfer from Marshall County Jail, is "now moot as he is no longer confined to the institution" in which his claims allegedly arose. Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996).

Further, the Court notes that Plaintiff failed to keep the Court informed of his current address despite the Court's warning to do so. (Docket Entry Nos. 4 and 21). Under Fed. R. Civ. P. 5(b), service is effective upon mailing to the party's last known address. It is a party's responsibility to inform the Court of his address so as to enable the Court to inform all parties of matters arising in the litigation. Downs v. Pyburn, No. 3:87-0471 (M.D. Tenn. Order filed Sept. 4, 1987). Thus, the Court concludes that Plaintiff's complaint should also be dismissed under Rule 41(b) for failure to prosecute and comply with a court order.

Accordingly, upon de novo review, for the reasons stated above, the Report and Recommendation (Docket Entry No. 31) is **ADOPTED**, and this action is **DISMISSED with prejudice** as moot and for Plaintiff's failure to prosecute. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 19th day of October, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge